IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| LLOYD A. NEWTON, § § Plaintiff, § § v. § § Erin S. Becker, § § Defendant. § | Case No. 5:24-CV-00758 |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Lloyd A. Newton, and hereby files this Original Complaint against Defendant, Erin S. Becker, and for the cause of action would show this Court and Jury as follows:

### PARTIES

1. Plaintiff Lloyd A. Newton is a private citizen of the United States and resides at 1859 W. Summit Ave., San Antonio, Bexar County, Texas. He may be reached via phone at 913-426-3710 or via email at lanewton@rampagelaw.com.

2. Defendant Erin S. Becker resides at 205 Fincastle Dr, Cary, North Carolina 27513-6265, in Wake County, North Carolina. Ms. Becker is a prosecutor for Wake County District Attorney's Office and may be served with process at 300 S. Salisbury St., Wake County DA's Office, Raleigh, NC 27601-1751, or wherever she may be found.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(l), which gives district courts original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because the state law claim is so closely related to the federal law claims as to form the same case or controversy under Article III of the U.S. Constitution.

5. As will be recounted below, this Court has personal jurisdiction over Ms. Becker insofar as she committed a tortious act in Texas.  See *Kelly v. Gen. Interior Constr., Inc*., 301 S.W.3d 653, 655 (Tex.2010).

6. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2), which provides that a civil action may be brough in a judicial district in which a substantial part of the events giving rise to the claim occurred.

## GENERAL ALLEGATIONS

7. In 2013 or thereabouts, when Plaintiff was previously an Associate Professor at Benedictine College, he briefly met Ms. Becker, who was a student at Benedictine—though to his knowledge, Ms. Becker was never a student in one of his own classes.

8. In 2014, Plaintiff left Benedictine College, and a year later, left Kansas, rarely to return.[1]   Since 2016, Plaintiff has been a resident of San Antonio, Texas.  In 2020, he left academia and entered St. Mary's Law School, where, after five semesters, he earned his J.D. degree in the Fall of 2022.

9. From 2015 until February 2024, Plaintiff has had no contact in any form whatsoever with Ms. Becker.

---

[1] Benedictine College is located in the City of Atchison, Kansas.

10. On November 29, 2022, Plaintiff sent an email to the City Commissioners, City Manager, and City Attorney for the City of Atchison, Kansas, in an attempt to comply with the Kansas Tort Claim Act and to provide notice that he, Lloyd Newton, was going to exercise his First Amendment Rights and sue the City for Illegally Searching a rental property of his and withholding water service at a second rental property without any due process.[2]

11. On November 30, 2022, the very next day, Ms. Becker sent a libelous email to the Texas Board of Law Examiners (BLE), defaming Newton.[3] Although Ms. Becker's email was sent on November 30, 2022, from her work email address, Plaintiff was unaware of the email until he was notified in early January 2023, that someone had sent an email, anonymous to him, to the Texas BLE. See. Ex. 1.

12. On December 2, 2022, Ms. Becker sent a follow up email to the Texas BLE requesting that her email remain anonymous, if possible. See Ex. 2.

13. It is important to note that even when Plaintiff was notified in January of 2023 about the email, he was not given a copy of the email until his attorney, Tricia Heil-Davis, forwarded a redacted copy of the email to him on April 5, 2023. However, because Ms. Becker's email was redacted, Plaintiff was prevented from knowing the identity of the person who previously sent the email in 2022. See Ex. 1 and 2.

---

[2] The other lawsuit is *Lloyd A. Newton v. City of. Atchison, et al*., and is case no. 2:23-2153-JWB-ADM, filed in the District Court of Kansas. Although it may not be necessary to show malice in the instant case, he believes that Ms. Becker's actions were motivated, or at least prompted by defendants in, the underlying lawsuit against the City of Atchison, thereby calling into question her motivation and *mens rea* for the cause of action at issue in the present lawsuit.

[3] In February 2024, Plaintiff attempted to depose Ms. Becker by written questions for the other lawsuit, but Ms. Becker filed a carefully worded affidavit denying that she knew anything about Newton's Properties in Atchison or his lawsuit against the City of Atchison. However, in her affidavit, Ms. Becker did not deny that someone from the City or Benedictine College contacted her or put her up to sending the email, nor did she affirm that her email, sent one day after Newton notified the City of a pending lawsuit, was entirely a coincidence.

14. Ms. Becker's email falsely claimed, *inter alia*, that while Dr. Newton was a professor at Benedictine College, he was at "parties providing alcohol to freshman girls." *Id.* Given that most freshmen students are under the age of 21, if *arguendo* Dr. Newton were at parties providing alcohol to freshmen girls, then that act would have been illegal and criminal, a class B person misdemeanor. Ms. Becker then added that it appeared that "he was preying on freshman women." *Id.* Again, *arguendo*, if Dr. Newton were preying on freshmen girls, and if any of those girls were under 18 years of age, then that would have increased the crime to a severity level 9, person felony. Finally, given that the allegation included multiple parties, the implication would be that Dr. Newton had a serious moral failure, verging on felony level criminal behavior.

15. Ms. Becker then falsely claims that Dr. Newton stalked her when she was an employee at the only coffeeshop in Atchison, that he had a habit of abusing his power, and was in essence not fit to be an attorney. *Id.* At one point, she falsely claims that if Newton becomes an attorney, "He would again be in a position of power over those who would inherently trust him, a position he had already proven that he will abuse." *Id.*

16. To be clear, Dr. Newton did not attend parties, did not distribute alcohol to anyone, much less to minors, did not prey on young women, and did not prove that abuse a position of power, and Ms. Becker's allegations to the contrary are all false.

17. Because of Ms. Becker's libelous letter to the Texas BLE, Newton was notified in late January of 2023 that he would have to appear before a Character and Fitness Hearing before he was licensed to practice law.

18. Furthermore, previously in November of 2022, Newton had been hired full-time with the Law Offices of Ryan Henry PLLC, on the condition that he pass the February bar exam and become licensed to practice by May of 2023.

4

19. In February 2023, Newton took the Texas Bar Exam and was notified in April that he scored high enough to practice law in Texas. Other than the Character and Fitness Hearing, Newton was fully qualified to become licensed to practice law in April of 2023. However, due to the Character and Fitness Hearing Requirement, Newton's law license was delayed for 6 months. Moreover, although Newton did in fact pass the bar exam, the need for a Character and Fitness Hearing caused Newton to lose his first full-time position as a lawyer at the Law Offices of Ryan Henry, PLLC.

20. On October 6, 2023, the Texas BLE notified Newton, through his attorney, that he would finally have a Character and Fitness Hearing on October 20, 2023. In that notification, the BLE disclosed for the first time the unredacted email, and therefore the identity of its author—Ms. Erin Becker.[4] See Ex. 3.

21. On October 20, 2023, the Texas Board of Law Examiners conducted a nearly 3-hour Character and Fitness Hearing, at the end of which Newton was cleared to practice law. He was then sworn in on October 30, 2023.

22. Although Newton passed the Character and Fitness Hearing, Ms. Becker's libelous email to the Texas BLE resulted in Plaintiff's law license being delayed for six months and cost him a full-time position as an attorney with the law offices of Ryan Henry, PLLC, not to mention the humiliation, pain, and suffering that accompanied the need for a Character and Fitness Hearing, along with the legal expenses required to defend himself at the Hearing.

**CAUSE OF ACTION**
**DEFAMATION**

23. Plaintiff incorporates herein all preceding allegations.

---

[4] The disclosure of Ms. Becker's identity on October 6, 2023, is significant insofar as it starts the Statute of Limitations for the defamation claim. Prior to October 6, 2023, Newton had no idea who the author of the libelous email was, and thus there was no way for the Statute of Limitations to start prior to this day.

5

24. Plaintiff is a private figure.

25. According to Texas' law, "A libel is a defamation expressed in written . . . form that tends . . . to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury." Tex. Civ. Prac. & Rem. Code Ann. § 73.001 (West).

26. Texas law establishes the following elements for an actionable claim of defamation:

    (1) publication of a false statement of fact to a third party,
    (2) the statement must concern the plaintiff and be defamatory,
    (3) the publication must be made with the requisite degree of fault, and
    (4) the publication must cause damages.

    *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 743 (5th Cir. 2019)(citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)).

27. For the first element, Becker published to third persons, *viz.*, the Texas Board of Law Examiners, false statements presented as "true" facts including, but not limited to, the following:

    a. Newton attended a Culture and Ethics Conference in Notre Dame in 2013.

    b. Newton "was at parties providing alcohol to freshman girls."

    c. Newton "was preying on freshman women."

    d. Newton "and his attorney sat down with [Ms. Becker] and the President of Benedictine, Stephen Minnis."

    e. Newton had "proven" that he "will abuse" a "position of power."

    f. Ms. Becker was "stalked by Lloyd Newton."

28. For the second element, some of the false statements listed above were defamatory toward Newton, especially the ones describing Newton as "attending parties distributing alcohol to freshmen girls," "preying on young women," that he had "proven he will abuse his position of power," and that he

6

"stalked" Ms. Becker, are defamatory per se, since they imply criminal offenses and directly accuse Newton of conduct that is incompatible with becoming licensed as an attorney.

29. In the alternative, many of the false statements above, taken together with Ms. Becker's authority as a prosecutor and her alleged trauma at having to serve Newton at a coffee shop, are defamatory *per quod*, insofar as they paint a picture of Newton as one not qualified to practice law.

30. Again, many of these false statements were not mere opinions, but were presented as objective facts: *viz.*, "distributing alcohol to underage women," "preying on women," having "proven that Newton will abuse his power," and "being stalked by Newton."

31. Proof that these false statements were defamatory statements of fact, especially as applied to one seeking to become an attorney in Texas, is the reaction taken by the Texas BLE: the insistence on a character and fitness hearing.

32. Again, these defamatory allegations are all false: Dr. Newton did not attend parties, did not distribute alcohol to anyone, much less to minors, did not prey on young women, and did not prove that he would abuse a position of power. Ms. Becker's allegations to the contrary are all false.

33. For the third element, Ms. Becker's comments were—at a minimum – negligently made with regard to the truth of the statements.

34. Ms. Becker acted with conscious indifference and reckless disregard for the truth of the statements.

35. In the alternative, Ms. Becker acted intentionally, with knowledge that the statements were false at the time the statements were made, with the stated purpose of calling into question his moral capacity to practice law.

36. Again, as recounted above in footnotes 2-3, Plaintiff believes that Ms. Becker's defamatory email was motived by Newton's attempt to exercise his First Amendment Rights in another lawsuit on

November 29, 2022, the day before Ms. Becker emailed the Texas BLE, and were not a benign attempt, as she claims, to protect "future woman." [sic]. See Ex. 3, pg. 3.

37. For the fourth element, Plaintiff suffered damages, specifically insofar as he was delayed from obtaining his law license for six (6) months and he lost a full-time position with the Law Offices of Ryan Henry, PLLC.

38. Ms. Becker's libelous statements caused financial injury to Newton and succeeded in temporarily impeaching his honesty, integrity, virtue, and reputation.

39. In addition, Plaintiff suffered mental anguish and emotional distress as a result of the publication of the false statements.

40. Plaintiff's damages were in excess of $75k, especially given the six-month delay of Plaintiff's law license, his loss of his first position as an attorney, his attorney fees for having to defend himself before the Texas BLE, not to mention his humiliation, embarrassment, and pain and suffering,

## PRAYER

WHEREFORE, Plaintiff prays for damages; exemplary damages; costs; interest, statutory/civil penalties according to law; attorney's fees and costs of litigation and such other relief as the court deems appropriate and just in law or in equity.

Plaintiff requests that the case be tried in the Western District of Texas, in either the San Antonio or Austin division.

Dated: July 9, 2024.                     Respectfully submitted to the Court,

/s/ Lloyd A. Newton
Lloyd A. Newton
Texas Bar No. 24122874
1859 W. Summit Ave.
San Antonio, Texas 78201
(913) 426-3710
LANewton@rampagelaw.com

8