UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LLOYD A. NEWTON, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § | Case No. SA-5:24-cv-00758-RBF |
| ERIN S. BECKER, | | Hon. Orlando L. Garcia |
| Defendants. | | |

# FED. R. CIV. P. RULE 26(f) REPORT
## JOINT DISCOVERY / CASE MANAGEMENT PLAN

*1. What is the basis for subject-matter jurisdiction? Are there any outstanding jurisdictional issues? For cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.*

**Plaintiff's Position:** Subject-matter jurisdiction is based on diversity with the amount in controversy being $100k. Plaintiff, Lloyd Newton, is a citizen and resident of Texas. Defendant, Erin Becker, is a citizen and resident of North Carolina.

**Defendant's Position:** Defendant is unaware of any subject matter jurisdiction issues.

*2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?*

**Plaintiff's Position:** There are no unserved parties.

**Defendant's Position:** Defendant is unaware of any unserved parties.

*3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?*

**Plaintiff's Position:** The only cause of action is libel, which is defined in Texas as "defamation expressed in written . . . that tends to blacken the memory of the dead or that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish the

natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury. *Civil Practice & Remedies Code* § 73.001.

> Texas law establishes the following elements for an actionable claim of defamation:
> (1) publication of a false statement of fact to a third party,
> (2) the statement must concern the plaintiff and be defamatory,
> (3) the publication must be made with the requisite degree of fault, and
> (4) the publication must cause damages.
>
> *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 743 (5th Cir. 2019)(citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)).
>
> There is no counter-claim at this time.

**Defendant's Position:** Defendant has not yet filed an answer, since her Motion to Dismiss is pending. Defendant's Motion to Dismiss asserts a lack of personal jurisdiction over her in Texas, improper venue in the Western District of Texas, that Plaintiffs' claims are barred by privilege, that Plaintiff failed to allege required predicates to his claims, and that Plaintiff's claims fail under Chapter 27 of the Texas Civil Practice & Remedies Code. In addition, in the event that the Motion to Dismiss does not dispose of all of Plaintiff's claims, Defendant will certainly plead additional defenses in its responsive pleading.

*4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?*

**Plaintiff's Position:** Plaintiff proposes the following stipulations:

(1) Plaintiff, Dr. Newton, was an associate professor of philosophy at Benedictine College from 2003-2014.

(2) Defendant, Erin Becker, was a student at Benedictine College from 2010-2014.

(3) Plaintiff attended St. Mary's Law School from 2020-2022 and graduated in December 2022.

(4) Plaintiff had a pending application with the Texas Board of Law Examiners to become licensed in Texas, and took and passed the February 2023 bar exam.

(5) Prior to Defendant Becker's libelous email, there was no pending hearing before the Texas Board of Law Examiners.

(6) In November 2022, Plaintiff was employed full-time by the Law Firm of Ryan Henry, P.L.L.C., but his employment was contingent upon becoming licensed after the February 2023 bar exam.

(7) Ms. Becker sent two emails to the Texas Board of Law Examiners, the first on November 30, 2022, and the second one on December 2, 2022.

(8) Ms. Becker's email resulted in Plaintiff having to undergo a Character and Fitness Hearing before the Texas BLE, which injured Plaintiff by delaying his licensure and costing him his first full-time position as an attorney.

**Defendant's Position:** Defendant and Plaintiff have not yet entered into any agreements of stipulations as to any facts or elements causes of action in this case.

*5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3)-- Discovery Plan. A discovery plan must state the parties' views and proposals on:*

*(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;*

**Plaintiff's Position:**  No changes needed.

**Defendant's Position:**  Defendant asserts that since her Motion to Dismiss (which addresses all of Plaintiff's claims) is pending, discovery should not begin until after the Court rules on the Motion to Dismiss (if any claims remain at that time).

*(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;*

**Plaintiff's Position:** Plaintiff anticipates only taking the deposition of Ms. Becker.  Discovery should be completed by the scheduled timeframe, and will not need to be conducted in phases.

**Defendant's Position:** Defendant asserts that since her Motion to Dismiss (which addresses all of Plaintiff's claims) is pending, discovery should not begin until after the Court rules on the Motion to Dismiss (if any claims remain at that time).

*(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;*

**Plaintiff's Position:** None at this time.

**Defendant's Position:** Defendant asserts that since her Motion to Dismiss (which addresses all of Plaintiff's claims) is pending, discovery should not begin until after the Court rules on the Motion to Dismiss (if any claims remain at that time).

> *(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;*

**Plaintiff's Position:** None at this time.

**Defendant's Position:** Defendant asserts that since her Motion to Dismiss (which addresses all of Plaintiff's claims) is pending, discovery should not begin until after the Court rules on the Motion to Dismiss (if any claims remain at that time).

> *(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and*

**Plaintiff's Position:** None at this time.

**Defendant's Position:** Defendant asserts that since her Motion to Dismiss (which addresses all of Plaintiff's claims) is pending, discovery should not begin until after the Court rules on the Motion to Dismiss (if any claims remain at that time).

> *(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).*

**Plaintiff's Position:** None at this time.

**Defendant's Position:** Defendant asserts that since her Motion to Dismiss (which addresses all of Plaintiff's claims) is pending, discovery should not begin until after the Court rules on the Motion to Dismiss (if any claims remain at that time).

*6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?*

**Plaintiff's Position:** Plaintiff filed his Initial Rule 26(a) disclosures on September 3, 2024. Plaintiff intends to depose Defendant and issue normal RFPs, RFAs, and Interrogatories.

**Defendant's Position:** Defendant filed her Rule 7.1 Disclosure Statement on September 5, 2024. Defendant asserts that since her Motion to Dismiss (which addresses all of Plaintiff's claims) is pending, discovery should not begin until after the Court rules on the Motion to Dismiss (if any claims remain at that time).

*7. What, if any, discovery disputes exist?*

**Plaintiff's Position:** None at this point.

**Defendant's Position:** Defendant asserts that since her Motion to Dismiss (which addresses all of Plaintiff's claims) is pending, discovery should not begin until after the Court rules on the Motion to Dismiss (if any claims remain at that time).

*8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?*

**Plaintiff's Position:** Not yet.

**Defendant's Position:** Not yet.

*9. Have the parties discussed mediation?*

**Plaintiff's Position:** Not yet.

**Defendant's Position:** Not yet.

Dated: September 6, 2024.

                Respectfully submitted,

                <u>/s/ *Lloyd A. Newton*</u>
                Lloyd A. Newton
                Texas Bar # 24122874
                Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024 I electronically filed a notice of the foregoing document with the U.S. District Court for the Western District of Texas, and a copy of the document was served via email on the following:

| | |
|---|---|
| **THE WILLIS LAW GROUP, PLLC**<br>KENNETH J. LAMBERT<br>Texas Bar No. 11843700<br>klambert@thewillislawgroup.com<br>1985 Forest Lane<br>Garland, TX 75042<br>(214) 736-9433 (main)<br>(214) 736-9994 (fax)<br><br>KIRK D. WILLIS<br>Texas Bar No. 21648500<br>kwillis@thewillislawgroup.com<br>1985 Forest Lane<br>Garland, Texas 75042<br>(214) 736-9433 – Telephone<br>(214) 736-9994 – Fax | **MAYNARD NEXSEN PC**<br>CARLOS R. SOLTERO<br>Texas Bar No. 00791702<br>csoltero@maynardnexsen.com<br>2500 Bee Caves Road, Building 1, Suite 150<br>Austin, Texas 78746<br>(737) 202-4873<br><br>MEREDITH P. BREWER (Pro Hoc Vice)<br>mbrewer@maynardnexsen.com<br><br>CHRISTIAN E. DYSART (Pro Hoc Vice)<br>cdysart@maynardnexsen.com<br>530 Hillsborough Street, Suite 200<br>Raleigh, North Carolina 27603<br>(919) 882-1222<br>**ATTORNEYS FOR D EFENDANT**<br>**ERIN S. BECKR** |